20240.

63.     Payment by Settling Defendants for State Natural Resource Damages.  Settling Defendants shall pay $2,750,000 to the State for Natural Resource Damages for the permanent loss of use of groundwater due to the alleged actions of the Settling Defendants.  Of this amount, $2,329,433.33 shall be paid within 30 days of the Effective Date.  The Town shall pay its allocated share of the State NRD payment in annual installments without interest.  The Town's first installment is included in the total described in the second sentence of this Paragraph.  The Town's second installment of $210,283.33 shall be due one year from the Effective Date and the Town's third installment shall be due two years from the Effective Date.  All payments to the State shall be made by check made payable to "Treasurer, State of Connecticut" and delivered to the attention of the undersigned counsel for the State at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06106.

## XVII. INDEMNIFICATION AND INSURANCE

64.     Settling Defendants' Indemnification of the United States and the State.

a.     The United States and the State do not assume any liability by entering into this agreement or by virtue of any designation of Settling Defendants as EPA's authorized representatives under Section 104(e) of CERCLA.  Settling Defendants shall indemnify, save and hold harmless the United States (with the exception of the Settling Federal Agencies), the State, and their officials, agents, employees, contractors, subcontractors, or representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree, including, but not limited to, any claims arising from any designation of Settling Defendants as EPA's authorized representatives under Section 104(e) of CERCLA.  Further, the Settling Defendants agree to pay the United States (with the exception of the Settling Federal Agencies) and the State all costs they incur including, but not limited to, attorneys fees and other expenses of litigation and settlement arising from, or on account of, claims made against the United States or the State based on negligent or other wrongful acts or omissions of Settling Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this Consent Decree.  Neither the United States nor the State shall be held out as a party to any contract entered into by or on behalf of Settling Defendants in carrying out activities pursuant to this Consent Decree.  Neither the Settling Defendants nor any such contractor shall be considered an agent of the United States or the State.

b.     The United States and the State shall give Settling Defendants notice of any claim for which the United States or the State plan to seek indemnification pursuant to Paragraph 64, and shall consult with Settling Defendants prior to settling such claim.

65.     Settling Defendants waive all claims against the United States and the State for damages or reimbursement or for set-off of any payments made or to be made to the United States or the State, arising from or on account of any contract, agreement, or arrangement between any one or more of Settling Defendants and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays.  In addition, Settling Defendants shall indemnify and hold harmless the United States and the State

with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between any one or more of Settling Defendants and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays.

66.     No later than 15 days before commencing any on-Site Work, Settling Defendants shall secure, and shall maintain until the first anniversary of EPA's Certification of Completion of the Remedial Action pursuant to Paragraph 51.b of Section XIV ("Certification of Completion") comprehensive general liability insurance with limits of three million dollars, combined single limit, and automobile liability insurance with limits of one million dollars, combined single limit, naming the United States and the State as additional insureds. In addition, for the duration of this Consent Decree, Settling Defendants shall satisfy, or shall ensure that their contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing the Work on behalf of Settling Defendants in furtherance of this Consent Decree. Prior to commencement of the Work under this Consent Decree, Settling Defendants shall provide to EPA and the State certificates of such insurance and a copy of each insurance policy. Settling Defendants shall resubmit such certificates and copies of policies each year on the anniversary of the Effective Date. If Settling Defendants demonstrate by evidence satisfactory to EPA and the State that any contractor or subcontractor maintains insurance equivalent to that described above, or insurance covering the same risks but in a lesser amount, then, with respect to that contractor or subcontractor, Settling Defendants need provide only that portion of the insurance described above which is not maintained by the contractor or subcontractor.

## XVIII. FORCE MAJEURE

67.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of the Settling Defendants, of any entity controlled by Settling Defendants, or of Settling Defendants' contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Settling Defendants' best efforts to fulfill the obligation. The requirement that the Settling Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (1) as it is occurring and (2) following the potential force majeure event, such that the delay is minimized to the greatest extent possible. "Force Majeure" does not include financial inability to complete the Work or a failure to attain the Performance Standards.

68.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, the Settling Defendants shall notify orally EPA's Project Coordinator or, in his or her absence, EPA's Alternate Project Coordinator or, in the event both of EPA's designated representatives are unavailable, the Director of the Office of Site Remediation & Restoration, EPA Region 1, within 24 hours of when the Settling Defendants first knew that the event might cause a delay. Settling Defendants also shall notify orally the State's Project Coordinator, or in his or her absence, Gennady Shteynberg, within 48 hours of when Settling Defendants first knew that the event might cause a delay. Within five business days thereafter, Settling Defendants shall provide in writing to EPA and the State an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or

minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; the Settling Defendants' rationale for attributing such delay to a force majeure event if they intend to assert such a claim; and a statement as to whether, in the opinion of the Settling Defendants, such event may cause or contribute to an endangerment to public health, welfare or the environment. The Settling Defendants shall include with any notice all available documentation supporting their claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude Settling Defendants from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Settling Defendants shall be deemed to know of any circumstance of which Settling Defendants, any entity controlled by Settling Defendants, or Settling Defendants' contractors knew or should have known.

69.     If EPA, after a reasonable opportunity for review and comment by the State, agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA, after a reasonable opportunity for review and comment by the State, for such time as is necessary to complete those obligations, and the resulting delay shall not be deemed to be a violation of this Consent Decree. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. If EPA, after a reasonable opportunity for review and comment by the State, does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify the Settling Defendants in writing of its decision. If EPA, after a reasonable opportunity for review and comment by the State, agrees that the delay is attributable to a force majeure event, EPA will notify the Settling Defendants in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

70.     If the Settling Defendants elect to invoke the dispute resolution procedures set forth in Section XIX ("Dispute Resolution"), they shall do so no later than 15 days after receipt of EPA's notice denying the applicability of force majeure. In any such proceeding, Settling Defendants shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Settling Defendants complied with the requirements of Paragraphs 67 and 68, above. If Settling Defendants carry this burden, the delay at issue shall be deemed not to be a violation by Settling Defendants of the affected obligation of this Consent Decree identified to EPA and the Court.

## XIX. DISPUTE RESOLUTION

71.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes between EPA and Settling Defendants or between the State and Settling Defendants arising under or with respect to this Consent Decree. The procedures for resolution of disputes which involve EPA are governed by Paragraphs 72 to 76. The State may participate in such dispute resolution proceedings to the extent specified in Paragraphs 72 through 76. Disputes exclusively between the State and Settling Defendants are governed by Paragraph 77. However, the

procedures set forth in this Section shall not apply to actions by the United States or the State to enforce obligations of the Settling Defendants that have not been disputed in accordance with this Section.

72.     Any dispute which arises under or with respect to this Consent Decree shall in the first instance be the subject of informal negotiations between the parties to the dispute. The period for informal negotiations shall not exceed 20 days from the time the dispute arises, unless it is modified by written agreement of the parties to the dispute. The dispute shall be considered to have arisen when one party sends the other parties a written Notice of Dispute.

73.     Statements of Position.

a.     In the event that the parties cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by EPA shall be considered binding unless, within 14 days after the conclusion of the informal negotiation period, Settling Defendants invoke the formal dispute resolution procedures of this Section by serving on the United States and the State a written Statement of Position on the matter in dispute, including, but not limited to, any factual data, analysis or opinion supporting that position and any supporting documentation relied upon by the Settling Defendants. The Statement of Position shall specify the Settling Defendants' position as to whether formal dispute resolution should proceed under Paragraph 74 or Paragraph 75.

b.     Within 21 days after receipt of Settling Defendants' Statement of Position, EPA, after reasonable opportunity for review and comment by the State, will serve on Settling Defendants its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA. EPA's Statement of Position shall include a statement as to whether formal dispute resolution should proceed under Paragraph 74 or 75. Within 14 days after receipt of EPA's Statement of Position, Settling Defendants may submit a Reply.

c.     If there is disagreement between EPA and the Settling Defendants as to whether dispute resolution should proceed under Paragraph 74 or 75, the parties to the dispute shall follow the procedures set forth in the paragraph determined by EPA to be applicable. However, if the Settling Defendants ultimately appeal to the Court to resolve the dispute, the Court shall determine which paragraph is applicable in accordance with the standards of applicability set forth in Paragraphs 74 and 75.

74.     Formal dispute resolution for disputes pertaining to the selection or adequacy of any response action and all other disputes that are accorded review on the administrative record under applicable principles of administrative law shall be conducted pursuant to the procedures set forth in this Paragraph. For purposes of this Paragraph, the adequacy of any response action includes, without limitation: (1) the adequacy or appropriateness of plans, procedures to implement plans, or any other items requiring approval by EPA under this Consent Decree; and (2) the adequacy of the performance of response actions taken pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to allow any dispute by Settling Defendants regarding the validity of the 2006 ROD's provisions.

a.     An administrative record of the dispute shall be maintained by EPA and shall contain all statements of position, including supporting documentation, submitted pursuant

to this Section. Where appropriate, EPA may allow submission of supplemental statements of position by the Settling Defendants, EPA or the State.

        b.     The Director of the Office of Site Remediation & Restoration, EPA Region 1, will issue, after reasonable opportunity for review and comment by the State, a final administrative decision resolving the dispute based on the administrative record described in Paragraph 74.a. This decision shall be binding upon the Settling Defendants, subject only to the right to seek judicial review pursuant to Paragraphs 74.c and d.

        c.     Any administrative decision made by EPA pursuant to Paragraph 74.b. shall be reviewable by this Court, provided that a motion for judicial review of the decision is filed by the Settling Defendants with the Court and served on all Parties within ten days of receipt of EPA's decision. The motion shall include a description of the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this Consent Decree. The United States may file a response to Settling Defendants' motion.

        d.     In proceedings on any dispute governed by this Paragraph, Settling Defendants shall have the burden of demonstrating that the decision of the Director of the Office of Site Remediation & Restoration is arbitrary and capricious or otherwise not in accordance with law. Judicial review of EPA's decision shall be on the administrative record compiled pursuant to Paragraph 74.a.

    75.    Formal dispute resolution for disputes that neither pertain to the selection or adequacy of any response action nor are otherwise accorded review on the administrative record under applicable principles of administrative law, shall be governed by this Paragraph.

        a.     Following receipt of Settling Defendants' Statement of Position submitted pursuant to Paragraph 73, the Director of the Office of Site Remediation & Restoration, EPA Region 1, after reasonable opportunity for review and comment by the State, will issue a final decision resolving the dispute. The decision of the Director of the Office of Site Remediation & Restoration shall be binding on the Settling Defendants unless, within 20 days of receipt of the decision, the Settling Defendants file with the Court and serve on the parties a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the Consent Decree. The United States may file a response to Settling Defendants' motion.

        b.     Notwithstanding Paragraph M of Section I ("Background"), judicial review of any dispute governed by this Paragraph shall be governed by applicable principles of law.

    76.    The invocation of formal dispute resolution procedures under this Section shall not extend, postpone or affect in any way any obligation of the Settling Defendants under this Consent Decree, not directly in dispute, unless EPA, after reasonable opportunity for review and comment by the State, or the Court agrees otherwise. Stipulated penalties with respect to the disputed matter shall continue to accrue, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 86. Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this Consent

33

Decree. In the event that the Settling Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section XX ("Stipulated Penalties").

77.    Disputes Solely Between the State and Settling Defendants. Disputes arising under the Consent Decree between the State and Settling Defendants assessment of stipulated penalties and the adequacy of access and institutional controls following any assignment of a grant of environmental restrictions from the United States to the State, shall be governed in the following manner. The procedures for resolving the disputes mentioned in this Paragraph shall be the same as provided for in Paragraphs 72 to 76, except that each reference to EPA shall read as a reference to CTDEP, each reference to the Director of the Office of Site Remediation & Restoration, EPA Region 1, shall be read as a reference to Director of Permitting, Enforcement, Remediation Division, CTDEP, and each reference to the United States shall be read as a reference to the State.

## XX. STIPULATED PENALTIES

78.    Settling Defendants shall be liable for stipulated penalties in the amounts set forth in Paragraphs 79 and 80 to the United States and the State for failure to comply with the requirements of this Consent Decree specified below following the Effective Date of this Consent Decree, unless excused under Section XVIII ("Force Majeure") or by resolution of Dispute Resolution (Section XIX) in Settling Defendants' favor. Settling Defendants shall pay 90% of stipulated penalties to the United States, and shall pay 10% of stipulated penalties to the State in accordance with the requirements of Paragraph 84. "Compliance" by Settling Defendants shall include completion of the activities under this Consent Decree or any work plan or other plan approved under this Consent Decree identified below in accordance with all applicable requirements of law, this Consent Decree, the SOW, and any plans or other documents approved by EPA or the State pursuant to this Consent Decree and within the specified time schedules established by and approved under this Consent Decree.

79.    The following stipulated penalties shall accrue per violation per day for any noncompliance except those identified in Paragraph 80:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 2,000 | 1st through 14th day |
| $ 5,000 | 15th through 30th day |
| $ 7,500 | 31st day and beyond |

80.    The following stipulated penalties shall accrue per violation per day for failure to submit timely or adequate reports pursuant to Paragraph 30, Section X of the Consent Decree:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $ 500 | 1st through 14th day |
| $ 1,000 | 15th through 30th day |
| $ 2,500 | 31st day and beyond |

81.    In the event that EPA assumes performance of a portion or all of the Work pursuant to Paragraph 103 of Section XXI ("Covenants by Plaintiffs"), Settling Defendants shall

be liable for a stipulated penalty in the amount of $250,000.

82. All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. However, stipulated penalties shall not accrue: (1) with respect to a deficient submission under Section XI ("EPA Approval of Plans and Other Submissions"), during the period, if any, beginning on the 31st day after EPA's receipt of such submission until the date that EPA notifies Settling Defendants of any deficiency; (2) with respect to a decision by the Director of the Office of Site Remediation & Restoration, EPA Region 1, under Paragraphs 74.b or 75.a of Section XIX ("Dispute Resolution"), during the period, if any, beginning on the 21st day after the date that Settling Defendants' reply to EPA's Statement of Position is received until the date that the Director issues a final decision regarding such dispute; or (3) with respect to judicial review by this Court of any dispute under Section XIX ("Dispute Resolution"), during the period, if any, beginning on the 31st day after the Court's receipt of the final submission regarding the dispute until the date that the Court issues a final decision regarding such dispute. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

83. Following EPA's determination, after a reasonable opportunity for review and comment by the State, that Settling Defendants have failed to comply with a requirement of this Consent Decree, EPA may give Settling Defendants written notification of the same and describe the noncompliance. EPA, or EPA and the State jointly, may send Settling Defendants a written demand for the payment of the penalties. However, penalties shall accrue as provided in the preceding Paragraph regardless of whether EPA, or the State for violations specified in Paragraph 87, has notified Settling Defendants of a violation.

84. All penalties accruing under this Section shall be due and payable to the United States and/or the State within 30 days of Settling Defendants' receipt from EPA of a demand for payment of the penalties, unless Settling Defendants invoke the Dispute Resolution procedures under Section XIX ("Dispute Resolution"). All payments to the United States under this Section shall be paid by certified or cashier's check(s) made payable to "EPA Hazardous Substances Superfund," shall be mailed to EPA Cincinnati Financial Office, 26 Martin Luther King Drive, Cincinnati, OH 45268, shall indicate that the payment is for stipulated penalties, and shall reference the EPA Region and Site/Spill ID # 01-58, the DOJ Case Number 90-11-2-420/5, and the name and address of the party making payment. All payments to the State under this Section shall be made payable to Treasurer, State of Connecticut, and shall be mailed to the Office of the Attorney General, 55 Elm Street, Hartford, Connecticut 06106 Attn: Environment Department. Copies of check(s) paid pursuant to this Section, and any accompanying transmittal letter(s), shall be sent to the United States and to the State as provided in Section XXVI ("Notices and Submissions").

85. The payment of penalties shall not alter in any way Settling Defendants' obligation to complete the performance of the Work required under this Consent Decree.

86. Penalties shall continue to accrue as provided in Paragraph 82 during any dispute resolution period, but need not be paid until the following:

a. If the dispute is resolved by agreement or by a decision of EPA that is not appealed to this Court, accrued penalties determined to be owing shall be paid to EPA and the

35

State within 15 days of the agreement or the receipt of EPA's decision or order;

b.      If the dispute is appealed to this Court and the United States prevails in whole or in part, Settling Defendants shall pay all accrued penalties determined by the Court to be owed to EPA and the State within 60 days of receipt of the Court's decision or order, except as provided in Subparagraph c below;

c.      If the District Court's decision is appealed by any Party, Settling Defendants shall pay all accrued penalties determined by the District Court to be owing to the United States or the State into an interest-bearing escrow account within 60 days of receipt of the Court's decision or order.  Penalties shall be paid into this account as they continue to accrue, at least every 60 days.  Within 15 days of receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to EPA and the State or to Settling Defendants to the extent that they prevail.

87.     State Assessment of Stipulated Penalties.  Assessment of stipulated penalties by the State shall be governed in the following manner.  Following the State's determination that Settling Defendants have failed to submit payment to the State as required under Paragraph 63, the State may, after reasonable opportunity for review and comment by EPA, give Settling Defendants written notification of the same and describe the noncompliance.  The provisions for liability, assessment and payment of the stipulated penalties referenced in this Paragraph shall be the same as provided in Paragraphs 81 to 89, except that in Paragraph 86 excluding the last sentence of that Paragraph, and in Paragraph 89, each reference to EPA shall read as a reference to CTDEP, each reference to the United States shall be read as a reference to the State, each reference to the State shall be read as a reference to the United States, and each reference to the State's reasonable opportunity to review and comment shall read as EPA's reasonable opportunity for review and comment.  For penalties assessed under this Paragraph, the Settling Defendants shall pay 90% to the State, and shall pay 10% to the United States in accordance with the requirements of Paragraph 78.

88.     If Settling Defendants fail to pay stipulated penalties when due, the United States or the State may institute proceedings to collect the penalties, as well as Interest.  Settling Defendants shall pay Interest on the unpaid balance, which shall begin to accrue on the date of demand made pursuant to Paragraph 82.

89.     Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States or the State to seek any other remedies or sanctions available by virtue of Settling Defendants' violation of this Consent Decree or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(l) of CERCLA, provided, however, that the United States shall not seek civil penalties pursuant to Section 122(l) of CERCLA for any violation for which a stipulated penalty is provided herein, except in the case of a willful violation of the Consent Decree.

90.     Notwithstanding any other provision of this Section, the United States or the State may, in their unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this Consent Decree.

## XXI. Covenants by Plaintiffs

91.     United States' Covenant for Settling Defendants.  In consideration of the actions that will be performed and the payments that will be made by the Settling Defendants under the terms of the Consent Decree, and except as specifically provided in Paragraphs 93, 94, and 102 of this Section, the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA 42 U.S.C. §§ 9606 and 9607, or Section 7003 of RCRA, 42 U.S.C. § 6973, relating to the Site, including Natural Resource Damages.  Except with respect to future liability, these covenants not to sue shall take effect upon the Effective Date.  With respect to future liability, these covenants not to sue shall take effect upon Certification of Completion of Remedial Action by EPA pursuant to Paragraph 51.b of Section XIV ("Certification of Completion").  These covenants not to sue are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree.  These covenants not to sue extend only to the Settling Defendants and do not extend to any other person.

92.     Covenant for Settling Federal Agencies.  In consideration of the payment that will be made by the Settling Federal Agencies under the terms of the Consent Decree, and except as specifically provided in Paragraphs 93, 94, and 102 of this Section, EPA and the federal NR Trustees covenant not to take administrative action against the Settling Federal Agencies pursuant to Sections 106 and 107(a) of CERCLA, or Section 7003 of RCRA, 42 U.S.C. § 6973, relating to the Site, including Natural Resource Damages.  Except with respect to future liability, these covenants shall take effect upon the receipt of the payment required by Paragraph 59 of Section XVI ("Reimbursement of Response Costs").  With respect to future liability, these covenants shall take effect upon Certification of Completion of Remedial Action by EPA pursuant to Paragraph 51.b of Section XIV ("Certification of Completion").  These covenants are conditioned upon the satisfactory performance by Settling Federal Agencies of their obligations under this Consent Decree.  These covenants extend only to the Settling Federal Agencies and do not extend to any other person.

93.     United States' Pre-certification Reservations.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants, and EPA reserves the right to issue an administrative order seeking to compel the Settling Federal Agencies,

a.     to perform further response actions relating to the Site, or

b.     to reimburse the United States for additional costs of response if, prior to Certification of Completion of the Remedial Action:

(1)     conditions at the Site, previously unknown to EPA, are discovered, or

(2)     information, previously unknown to EPA, is received, in whole or in part,

and EPA determines that these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

94.     United States' Post-certification Reservations.  Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendants, and EPA reserves the right to issue an administrative order seeking to compel the Settling Federal Agencies,

        a.     to perform further response actions relating to the Site, or

        b.     to reimburse the United States for additional costs of response if, subsequent to Certification of Completion of the Remedial Action:

        (1)     conditions at the Site, previously unknown to EPA, are discovered, or

        (2)     information, previously unknown to EPA, is received, in whole or in part,

and EPA determines that these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

95.     For purposes of Paragraph 93, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date the 2006 ROD was signed and set forth in the 1994 ROD and the 2006 ROD for the Site and the administrative record supporting the 1994 ROD and the 2006 ROD and that information and those conditions known to EPA as set forth in the additional groundwater data and data related to the former Lori Corp. property submitted in writing to EPA prior to the date of lodging this Consent Decree.  For purposes of Paragraph 94, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of Completion of the Remedial Action and set forth in the 1994 ROD and the 2006 ROD, the administrative record supporting the 1994 ROD and the 2006 ROD , the post-1994 ROD and the post-2006 ROD administrative record, or in any information received by EPA pursuant to the requirements of this Consent Decree prior to Certification of Completion of the Remedial Action.

96.     State's Covenant Not to Sue the Settling Defendants and the Settling Federal Agencies.  In consideration of the actions that will be performed and the payments that will be made by the Settling Defendants and the payment that will be made by the Settling Federal Agencies under the terms of the Consent Decree, and except as specifically provided in Paragraph 102 of this Section, the State covenants not to sue or to take administrative action against Settling Defendants and the Settling Federal Agencies pursuant to Sections 107(a) of CERCLA, Conn. Gen. Stat. §§22a-432, 22a-451, 22a-6a, or 22a-14 through 22a-20 relating to the Site, including Natural Resources Damages.  These covenants shall take effect upon receipt of the payment required by Paragraph 59.  These covenants are conditioned upon the satisfactory performance by the Settling Defendants and the Settling Federal Agencies of their obligations under this Consent Decree.  These covenants extend only to the Settling Defendants and the Settling Federal Agencies and do not extend to any other person.

97.     State's Pre-Certification Reservations.  Notwithstanding any other provisions of this Consent Decree, the State on behalf of CTDEP, reserves, and this Consent Decree is without

prejudice to, any right jointly with, or separately from, the United States to institute proceedings in this action or in a new action under Section 107 of CERCLA, 42 U.S.C. § 9607, or under any applicable State law, including but not limited to, Conn. Gen. Stat. §§ 22a-6a, 22a-432, 22a-451, or 22a-14 through 22a-20 seeking to compel all or any of the Settling Defendants and the Settling Federal Agencies (1) to perform other response actions at the Site, or (2) to reimburse the State for additional response costs for response actions at the Site, to the extent that EPA has determined that such response actions required under (1) and (2) above in this Paragraph will not significantly delay or be inconsistent with the Remedial Action, if, prior to Certification of Completion of the Remedial Action:

- (i) conditions at the Site, previously unknown to the State, are discovered or become known to the State, or

- (ii) information previously unknown to the State is received by the State, in whole or in part,

and the CTDEP determines, under any applicable State law, including, but not limited to, Conn. Gen. Stat. §§22a-6a, 22a-432, 22a-451, or 22a-14 through 22a-20 based on these previously unknown conditions or this information together with any other relevant information that the response actions taken are not protective of health, safety, public welfare or the environment. The United States reserves all rights it may have under applicable law, to oppose any determinations made or any actions taken, ordered or proposed by the State pursuant to this Paragraph.

98.   State's Post-Certification Reservations.  Notwithstanding any other provision of this Consent Decree, the State, on behalf of CTDEP, reserves, and this Consent Decree is without prejudice to, the right jointly with, or separately from, the United States to institute proceedings in this action or in a new action under Section 107 of CERCLA, 42 U.S.C. § 9607, or under any applicable State law, including but not limited to, Conn. Gen. Stat. §§ 22a-6a, 22a-432, 22a-451, or 22a-14 through 22a-20 seeking to compel all or any of the Settling Defendants and the Settling Federal Agencies (1) to perform other response actions at the Site, or (2) to reimburse the State for additional response costs for response actions at the Site, to the extent that EPA has determined that such response actions required under (1) and (2) above in this Paragraph will not significantly delay or be inconsistent with the Remedial Action, if, subsequent to Certification of Completion of Remedial Action:

- (i) conditions at the Site, previously unknown to the State, are discovered or become known to the State after the Certification of Completion, or

- (ii) information previously unknown to the State is received by the State, in whole or in part, after the Certification of Completion,

and the CTDEP determines, under any applicable State law, including, but not limited to, Conn. Gen. Stat. §§22a-6a, 22a-432, 22a-451, or 22a-14 through 22a-20 based on these previously unknown conditions or this information together with any other relevant information that the response actions taken are not protective of health, safety, public welfare or the environment. The United States reserves all rights it may have under applicable law, to oppose any determinations made or any actions taken, ordered or proposed by the State pursuant to this Paragraph.

99.     For purposes of Paragraph 97, the information and the conditions known to the State shall include only that information and those conditions known to the State as of the date the 2006 ROD was signed and set forth in the 1994 ROD and the 2006 ROD for the Site and the administrative record supporting the1994 ROD and the 2006 ROD and that information and those conditions known to the State as set forth in the additional groundwater data and data related to the former Lori Corp. property submitted in writing to the State prior to the date of lodging this Consent Decree. For purposes of Paragraph 98, the information and the conditions known to the State shall include only that information and those conditions known to the State as of the date of Certification of Completion of the Remedial Action and set forth in the1994 ROD and the 2006 ROD, the administrative record supporting the 1994 ROD and the 2006 ROD, the post-1994 ROD and the post-2006 ROD administrative record, or in any information received by the State pursuant to the requirements of this Consent Decree prior to Certification of Completion of the Remedial Action.

100.    Notwithstanding any other provision of this Consent Judgment, the United States and the State reserve, and this Consent Decree is without prejudice to, the right to institute civil or administrative proceedings, as applicable, against Settling Defendants in this action or in a new action, and the federal NR Trustees and the State reserve, and this Consent Decree is without prejudice to, the right to institute civil or administrative proceedings, as applicable, against Settling Federal Agencies: seeking recovery of Natural Resource Damages, including costs of damage assessment, under Section 107 of CERCLA, if, after the Effective Date:

a.      conditions at the Site, previously unknown to the NR Trustees, are discovered and are found to result in releases of hazardous substances that contribute to injury to, destruction of, or loss of Natural Resources; or

b.      information previously unknown to the NR Trustees is received, and the United States or the State determines that the new information together with other relevant information indicate that releases of hazardous substances at the Site have resulted in injury to, destruction of, or loss of Natural Resources of a type that was unknown to the NR Trustees as of the date of lodging of the Consent Decree.

101.    For purposes of the preceding Paragraph, the information and conditions known to the NR Trustees shall include only the information and conditions (a) known to the NR Trustees as of the date of lodging of this Consent Decree and (b) set forth in (i) the administrative record as of the date of lodging of this Consent Decree or (ii) additional groundwater data and data related to the former Lori Corp. property, submitted to the EPA and the State in writing prior to the date of lodging this Consent Decree.

102.    General reservations of rights. The United States and the State reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants, and EPA and the federal NR Trustees and the State reserve, and this Consent Decree is without prejudice to, all rights against the Settling Federal Agencies, with respect to all matters not expressly included within Plaintiff's covenant not to sue. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendants, and EPA and the federal NR Trustees reserve all rights against Settling Federal Agencies, with respect to:

a.      claims based on a failure by Settling Defendants or the Settling Federal Agencies to meet a requirement of this Consent Decree;

40

        b.     liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site;

        c.     liability based upon the Settling Defendants' or Settling Federal Agencies' ownership or operation of the Site, or upon the Settling Defendants' or the Settling Federal Agencies' transportation, treatment, storage, or disposal, or the arrangement for the transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site, other than as provided in the 2006 ROD, the Work, or otherwise ordered by EPA, that occurs after signature of this Consent Decree by the Settling Defendants;

        d.     criminal liability;

        e.     liability for violations of federal or state law which occur during or after implementation of the Remedial Action;

        f.     liability prior to Certification of Completion of the Remedial Action, for additional response actions that EPA determines are necessary to achieve Performance Standards, but that cannot be required pursuant to Paragraph 13 ("Modification of the SOW or Related Work Plans"); and

        g.     liability regarding response actions relating in any way to the GA Area beyond those limited investigation activities described in and required by Section IV.D of the SOW and liability regarding response actions related in any way to the former Lori Corp. property beyond those limited water level monitoring activities described in and required by Section IV.C.3.c. of the SOW.

     103.   <u>Work Takeover.</u>

        a.     In the event EPA determines that Settling Defendants have (i) ceased implementation of any portion of the Work, or (ii) are seriously or repeatedly deficient or late in their performance of the Work, or (iii) are implementing the Work in a manner which may cause an endangerment to human health or the environment, EPA may issue a written notice ("Work Takeover Notice") to the Settling Defendants. Any Work Takeover Notice issued by EPA will specify the grounds upon which such notice was issued and will provide Settling Defendants a period of ten days within which to remedy the circumstances giving rise to EPA's issuance of such notice.

        b.     If, after expiration of the ten-day notice period specified in the previous Paragraph, Settling Defendants have not remedied to EPA's satisfaction the circumstances giving rise to EPA's issuance of the relevant Work Takeover Notice, EPA may at any time thereafter assume the performance of all or any portions of the Work as EPA deems necessary ("Work Takeover"). EPA shall notify Settling Defendants in writing (which writing may be electronic) if EPA determines that implementation of a Work Takeover is warranted under this Paragraph.

        c.     Settling Defendants may invoke the procedures set forth in Section XIX (Dispute Resolution), Paragraph 74, to dispute EPA's implementation of a Work Takeover under the previous Paragraph. However, notwithstanding Settling Defendants' invocation of such dispute resolution procedures, and during the pendency of any such dispute, EPA may in its sole discretion commence and continue a Work Takeover under the previous Paragraph until the

earlier of (i) the date that Settling Defendants remedy, to EPA's satisfaction, the circumstances giving rise to EPA's issuance of the relevant Work Takeover Notice or (ii) the date that a final decision is rendered in accordance with Section XIX ("Dispute Resolution"), Paragraph 74.b, requiring EPA to terminate such Work Takeover.

        d.     After commencement and for the duration of any Work Takeover, EPA shall have immediate access to and benefit of any performance guarantee(s) provided pursuant to Section XIII, in accordance with the provisions of Paragraph 49 of that Section. If and to the extent that EPA is unable to secure the resources guaranteed under any such performance guarantee(s) and the Settling Defendants fail to remit a cash amount up to but not exceeding the estimated cost of the remaining Work to be performed, all in accordance with the provisions of Paragraph 49, any unreimbursed costs incurred by EPA in performing Work under the Work Takeover shall be considered Future Response Costs that Settling Defendants shall pay pursuant to Section XVI ("Payment for Response Costs").

      104.    Notwithstanding any other provision of this Consent Decree, the United States and the State retain all authority and reserve all rights to take any and all response actions authorized by law.

           XXII. COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES

      105.    Covenant Not to Sue by Settling Defendants. Subject to the reservations in Paragraph 109, Settling Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States or the State with respect to the Site or this Consent Decree, including, but not limited to:

        a.     any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law;

        b.     any claims against the United States, including any department, agency or instrumentality of the United States under CERCLA Sections 107 or 113 related to the Site, or

        c.     any claims arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Connecticut State Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law.

        d.     any claim against the State, including any department, agency or instrumentality of the State, under Conn. Gen. State §22a-452, related to the Site.

      106.    UTC acknowledges that it is a past and current party to certain government contracts, and certifies that no costs for the Work or federal Natural Resource Damages paid by Settling Federal Agencies pursuant to this Consent Decree have been or will be billed to any department, agency, or instrumentality of the United States, under overhead pools and allocation bases used for cost allocation to government contracts.

      107.    Covenants by Settling Federal Agencies. Settling Federal Agencies hereby agree not to assert any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113 or any other provision of law with respect to

the Site, past response actions and Future Response Costs as defined herein or this Consent Decree. This covenant does not preclude demand for reimbursement from the Superfund of costs incurred by a Settling Federal Agency in the performance of its duties (other than pursuant to this Consent Decree) as lead or support agency under the National Contingency Plan (40 C.F.R. Part 300).

108.     Except as provided in Paragraph 113 ("Waiver of Claims Against *De Minimis* Parties") and Paragraph 118 ("Waiver of Claim-Splitting Defenses"), the covenants not to sue in this Section shall not apply in the event that the United States or the State brings a cause of action or issues an order pursuant to the reservations set forth in Paragraphs 93, 94, 97, 98, 102(b) - (d) or 102(g), but only to the extent that Settling Defendants' claims arise from the same response action, response costs, or damages that the United States or the State is seeking pursuant to the applicable reservation.

109.     The Settling Defendants reserve, and this Consent Decree is without prejudice to: (a) claims against the United States, subject to the provisions of Chapter 171 of Title 28 of the United States Code, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. However, any such claim shall not include a claim for any damages caused, in whole or in part, by the act or omission of any person, including any contractor, who is not a federal employee as that term is defined in 28 U.S.C. § 2671; nor shall any such claim include a claim based on EPA's selection of response actions, or the oversight or approval of the Settling Defendants' plans or activities. The foregoing applies only to claims which are brought pursuant to any statute other than CERCLA and for which the waiver of sovereign immunity is found in a statute other than CERCLA; and (b) contribution claims against the Settling Federal Agencies in the event any claim is asserted by the United States or the State against the Settling Defendants under the authority of or under Paragraphs 93, 94, 97, 98 or 102(b) - (d) or 102(g) of Section XXII ("Covenants by Plaintiffs"), but only to the same extent and for the same matters, transactions, or occurrences as are raised in the claim of the United States or the State against Settling Defendants.

110.     Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

111.     Settling Defendants agree not to assert any claims and to waive all claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of Municipal Solid Waste ("MSW") at the Site, if the volume of MSW disposed, treated or transported by such person to the Site did not exceed 0.2 percent of the total volume of waste at the Site.

112.     The waiver in Paragraph 111 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling

43

Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines that: (a) the MSW contributed significantly or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration at the Site; (b) the person has failed to comply with any information request or administrative subpoena issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. § 9604(e) or § 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6927; or (c) the person impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site.

113.    Waiver of Claims Against *De Minimis* Parties. Settling Defendants agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Section 107(a) and 113(f) of CERCLA) that they may have for all response costs regarding the Site and Natural Resource Damages against any person that has entered into a final CERCLA § 122(g) *de minimis* settlement with EPA regarding the Site as of the Effective Date. This waiver shall not apply to: (a) any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action regarding the Site against such Settling Defendant; (b) any contractual claim in the nature of indemnification from such person or for reimbursement from an insurance carrier; (c) any liability regarding response actions relating in any way to the GA Area beyond those limited investigation activities described in and required by Section IV.D of the SOW; and (d) any liability regarding response actions related in any way to the former Lori Corp. property beyond those limited water level monitoring activities described in and required by Section IV.C.3.c. of the SOW.

## XXIII. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

114.    Except as provided in Paragraph 113 ("Waiver of Claims Against *De Minimis* Parties"), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Decree may have under applicable law. Except as provided in Paragraph 113 ("Waiver of Claims Against *De Minimis* Parties"), each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

115.    The Parties agree, and by entering this Consent Decree this Court finds, that the Settling Defendants and the Settling Federal Agencies are entitled, as of the Effective Date, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for matters addressed in this Consent Decree. The "matters addressed" in this Consent Decree are all (a) response actions taken or to be taken and all response costs incurred or to be incurred by the United States, the State or any other person with respect to the Site pursuant to this Consent Decree, and (b) Natural Resource Damages. In addition, the Parties agree, and by entering into this Consent Decree this Court finds, that each Settling Defendant and the Settling Federal Agencies are entitled to any applicable provision of Connecticut law governing contribution protection with respect to any claim regarding the Site that otherwise might be asserted against them under Connecticut law. The "matters addressed" in this settlement do not include those response costs

44

or response actions as to which the United States or the State has reserved its rights under this Consent Decree (except for claims for failure to comply with this Consent Decree), in the event that the United States or the State asserts rights against Settling Defendants coming within the scope of such reservations.

116.    The Settling Defendants agree that with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree they will notify the United States and the State in writing no later than 60 days prior to the initiation of such suit or claim.

117.    The Settling Defendants also agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree they will notify in writing the United States and the State within ten days of service of the complaint on them.  In addition, Settling Defendants shall notify the United States and the State within ten days of service or receipt of any Motion for Summary Judgment and within ten days of receipt of any order from a court setting a case for trial.

118.    Waiver of Claim-Splitting Defenses.  In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XXI ("Covenants by Plaintiffs").

## XXIV. ACCESS TO INFORMATION

119.    Settling Defendants shall provide to EPA and the State, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Work.  Settling Defendants shall also make available to EPA and the State, for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.

120.    Business Confidential and Privileged Documents.

    a.    Settling Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiffs under this Consent Decree to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b).  Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies documents or information when they are submitted to EPA and the State, or if EPA has notified Settling Defendants that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such documents or information without further notice to

Settling Defendants.

b. The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege in lieu of providing documents, they shall provide the Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the contents of the document, record, or information: and (6) the privilege asserted by Settling Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

121. No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XXV. RETENTION OF RECORDS

122. Until ten years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph 52.b of Section XIV ("Certification of Completion of the Work"), each Settling Defendant shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control or which come into its possession or control that relates to its or its predecessor's arrangement for disposal at the Site, provided, however, that Settling Defendants who are potentially liable as owners or operators of the Site must retain, in addition, all documents and records that relate to the liability of any other person under CERCLA with respect to the Site. Each Settling Defendant must also retain, and instruct its contractors and agents to preserve, for the same period of time specified above all non-identical copies of the last draft or final version of any documents or records (including documents or records in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Work, provided, however, that each Settling Defendant (and its contractors and agents) must retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned documents required to be retained. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

123. The United States acknowledges that each Settling Federal Agency (a) is subject to all applicable Federal record retention laws, regulations, and policies; and (b) has certified that it has fully complied with any and all EPA and State requests for information pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. 6927.

124. At the conclusion of this document retention period, Settling Defendants shall notify the United States and the State at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States or the State, Settling Defendants shall deliver any such records or documents to EPA or the State. The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such

a privilege, they shall provide the Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

125. Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. 6927.

## XXVI. NOTICES AND SUBMISSIONS

126. Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, the Settling Federal Agencies, the State, and the Settling Defendants, respectively.

| | |
|---|---|
| As to the United States: | Chief, Environmental Enforcement Section<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DOJ Case No. 90-11-2-420-5 |
| and | Chief, Environmental Defense Section<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 23986<br>Washington, D.C. 20026-3986<br>Re: DOJ Case No. 90-11-2-420-5 |
| and | James T. Owens III, Director<br>Office of Site Remediation & Restoration<br>U.S. Environmental Protection Agency<br>Region 1<br>One Congress Street, Suite 1100 (HIO)<br>Boston, MA 02114-2023 |

47

As to EPA:                                    Almerinda Silva
                                              EPA Project Coordinator
                                              U.S. Environmental Protection Agency
                                              Region 1
                                              One Congress Street, Suite 1100 (HBT)
                                              Boston, MA 02114-2023

As to EPA Cincinnati Financial Office:        U.S. Environmental Protection Agency
                                              Cincinnati Financial Office
                                              26 Martin Luther King Drive
                                              Cincinnati, OH 45268

As to the State :                             John Looney, Assistant Attorney General
                                              Lori D. DiBella, Assistant Attorney General
                                              Office of the Attorney General
                                              55 Elm Street
                                              Hartford, CT 06106

                                              and

                                              Gennady Shteynberg, Project Coordinator
                                              State of Connecticut
                                              Department of Environmental Protection
                                              79 Elm Street
                                              Hartford, CT 06106

As to the Settling Defendants:                [Name]
                                              Settling Defendants' Project Coordinator
                                              [Address]

## XXVII. EFFECTIVE DATE

127.    The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

## XXVIII. RETENTION OF JURISDICTION

128.    This Court retains jurisdiction over both the subject matter of this Consent Decree and the Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XIX ("Dispute Resolution") hereof.

## XXIX. APPENDICES

129.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the 2006 ROD.

"Appendix B" is the map of the Site.

48

"Appendix C" is the SOW.

"Appendix D" is the Draft Easement.

"Appendix E" is the Trust Agreement for the 2009 OSL *De Minimis* Trust.

## XXX. COMMUNITY RELATIONS

130. Settling Defendants shall propose to EPA and the State their participation in the community relations plan to be developed by EPA. EPA will determine the appropriate role for the Settling Defendants under the Plan. Settling Defendants shall also cooperate with EPA and the State in providing information regarding the Work to the public. As requested by EPA or the State, Settling Defendants shall participate in the preparation of such information for dissemination to the public and in public meetings which may be held or sponsored by EPA or the State to explain activities at or relating to the Site.

## XXXI. MODIFICATION

131. Material modifications to the SOW may be made only by written notification to and written approval of the United States, Settling Defendants, and the Court. Prior to providing its approval to any modification, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification.

132. Modifications to the schedules specified in the Consent Decree for completion of the Work, or modifications to the SOW that do not materially alter that document may be made by written agreement between EPA, after providing the State with a reasonable opportunity to review and comment on the proposed modification, and the Settling Defendants. Such non-material modifications will become effective upon agreement of the parties.

133. Non-material modifications to the Consent Decree other than those addressed in Paragraph 132 may be made only by written notification to and written approval of the United States, the State and the Settling Defendants. Such modifications will become effective upon filing with the Court by the United States. Material modifications to the Consent Decree and any modifications to the Performance Standards may be made only by written notification to and written approval of the United States, the State, the Settling Defendants, and the Court.

134. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

135. For purposes of this Section, the Consent Decree shall not include the SOW or other attachments to the Consent Decree.

## XXXII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

136. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. The State may withdraw or withhold its consent to the entry of this Consent Decree if comments received disclose facts or considerations which show that the Consent Decree violates state law. The Unites States reserves the right to challenge in court the State withdrawal from the Consent

Decree, including the right to argue that the requirements of state law have been waived, pre-empted or otherwise rendered inapplicable by federal law. The State reserves the right to oppose the United States' position taken in opposition to the proposed withdrawal. In addition, in the event of the United States' withdrawal from this Consent Decree, the State reserves its right to withdraw from this Consent Decree. Settling Defendants consent to the entry of this Consent Decree without further notice.

137.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XXXIII. SIGNATORIES/SERVICE

138.    Each undersigned representative of a Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

139.    Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

140.    Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons. The parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the court expressly declines to enter this Consent Decree.

## XXXIV. FINAL JUDGMENT

141.    This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the parties with respect to the settlement embodied in the Consent Decree. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

142.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and the Settling

Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS _23rd_ DAY OF _November_, 20_09_.

/s/ Stefan R.Underhill, USDJ

_____
United States District Judge

51

Signature Page for Remedial Design/Remedial Action Consent Decree Regarding
Old Southington Landfill Superfund Site in Southington, Connecticut.

**FOR THE UNITED STATES OF AMERICA:**

---

Date

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

MARK A. GALLAGHER
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20044-7611

LETITIA GRISHAW
Section Chief
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice

9/21/09
Date

LAUREL A. BEDIG
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C.  20026-3986

NORA R. DANNAHEY
Acting United States Attorney
District of Connecticut

JOHN B. HUGHES
Assistant United States Attorney
District of Connecticut
Connecticut Financial Center
157 Church Street
New Haven, CT 06510

52

Signature Page for Remedial Design/Remedial Action Consent Decree Regarding Old Southington Landfill Superfund Site in Southington, Connecticut.

8/19/09
Date

IRA LEIGHTON
Acting Regional Administrator, Region 1
U.S. Environmental Protection Agency
One Congress Street, Suite 1100
Boston, MA 02114-2023

August 11, 2009
Date

MICHELLE LAUTERBACK
Senior Enforcement Counsel
U.S. Environmental Protection Agency
Region 1
One Congress Street, Suite 1100
Boston, MA 02114-2023

Signature Page for Remedial Design/Remedial Action Consent Decree Regarding
Old Southington Landfill Superfund Site in Southington, Connecticut.

**FOR THE STATE OF CONNECTICUT:**

8/12/09
Date

JOHN LOONEY, Assistant Attorney General
LORI D. DiBELLA, Assistant Attorney General
Office of the Attorney General
55 Elm Street
Hartford, CT 06106

54

Signature Page for Remedial Design/Remedial Action Consent Decree Regarding
Old Southington Landfill Superfund Site in Southington, Connecticut.

FOR GenCorp, Inc.

Signature:
Name (print): Chris Conley
Title: Vice President, Environmental, Health
                                        & Safety
Address:
        P. O. Box 13222
        Sacramento, CA 95813

2/21/05
Date

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): David Rymph
Title:      GenCorp, Inc.
Address:    26677 W. 12 Mile Road, Suite 140
            Southfield, MI 48034

Phone:      (248) 358-2696

55

Signature Page for Remedial Design/Remedial Action Consent Decree Regarding
Old Southington Landfill Superfund Site in Southington, Connecticut.

FOR _Kraft Foods Global, Inc. (for
itself and on behalf of Rexall Chemical,
Sundown Vitamins and Kraft General
Foods)_

_July 23, 2009_
Date

Signature: _(signature)_
Name (print): _Ken Wengut_
Title: _Director Safety & Environmental_
Address: _Kraft Foods_
_Three Lakes Drive_
_Northfield IL 60093_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Christopher P. Davis_
Title: _Attorney_
Address: _Goodwin Procter LLP_
_Exchange Place_
_Boston, MA 02109_
Phone: _(617) 570- 1354_

Signature Page for Remedial Design/Remedial Action Consent Decree Regarding
Old Southington Landfill Superfund Site in Southington, Connecticut.

FOR _Shell Oil Company_

_7-21-09_
Date

Signature: _Raymond T. Collins_
Name (print): _Raymond T. Collins_
Title: _Gen. Mngr PERO   Shell DownStream Inc_
Address: _P.O. Box 2463_
_Houston, Tx 77252_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Kim Lesniak, Esq_
Title: _Environmental Attorney - CERCLA_
Address: _One Shell Plaza_
_910 Louisiana St._
_Houston, TX 77002_
Phone: _(713) 241 - 5403_

_Registered Agent : The Corporation Trust Company_
_Corporation Trust Center_
_1209 Orange St._
_Wilmington, New Castle, DE_
_19801_

57

Signature Page for Remedial Design/Remedial Action Consent Decree Regarding
Old Southington Landfill Superfund Site in Southington, Connecticut.

FOR  TOWN OF SOUTHINGTON, CT

7/23/09
Date

Signature:
Name (print):  John Weichsel
Title:         Town Manager
Address:       75 Main Street
               P. O. Box 610
               Southington, CT 06489


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  ~~Martin T. Booher~~
Title:         ~~Partner~~
Address:       ~~Dewey & LeBoeuf LLP~~
               ~~Goodwin Square~~

Phone:         ~~225 Asylun Street~~
               Hartford, CT 06103
       Phone:  212-259-7038

Signature Page for Remedial Design/Remedial Action Consent Decree Regarding
Old Southington Landfill Superfund Site in Southington, Connecticut.

FOR  United Technologies Corporation

July 27, 2009
Date

Signature:
Name (print):  Richard H. Bennett
Title:    Vice President, Environment, Health & Safety
Address:  United Technologies Corporation
          One Financial Plaza
          Hartford, CT 06101

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  William F. Leikin
Title:    Assistant  General Counsel
Address:  United Technologies Corporation
          One Financial Plaza, MS-524
          Hartford, CT 06101
Phone:    (860) 728-6430

59